1. The principal question presented in *In the Matter of T.T.S.* was whether in proceedings to terminate parental rights, brought pursuant to 10A

2016 OK 39

**In the Matter of M.A.P.W., an alleged deprived Child Under 18 years of Age.**

**Brittany Williams, Appellant,**

v.

**State of Oklahoma ex rel., Department of Human Services, Appellee,**

**and**

**M.A.P.W., Appellee.**

No. 112660.

Supreme Court of Oklahoma.

April 4, 2016.

### ORDER OF SUMMARY DISPOSITION

¶1 Rule 1.201 of the Oklahoma Supreme Court Rules provides that "[i]n any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. S.Ct. Rule 1.201.

¶2 After reviewing the record in this case, THE COURT FINDS that our decision in *In the Matter of T.T.S.*, 2015 OK 36, —— P.3d —— involves the same primary legal question as the above-styled appeal; and therefore, our holding in *In the Matter of T.T.S.* warrants reversal of the underlying trial court judgment.[1]

¶3 IT IS THEREFORE ORDERED that the decision of the Court of Civil Appeals, entered on May 15, 2015, is vacated; and the trial court's Order Sustaining State's Motion to Terminate Parental Rights Upon a Jury Verdict, filed February 20, 2014, is reversed; and the cause is remanded for further proceedings consistent with this order.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 4TH day of APRIL, 2016.

O.S.2011 § 1–4–904(B)(5), the jury instructions, verdict forms, and final order must include the specific conditions a parent failed to correct.

¶ 4 REIF, C.J., COMBS, V.C.J., WATT, EDMONDSON, COLBERT, GURICH, JJ., concur.

¶ 5 KAUGER, WINCHESTER, TAYLOR, JJ., dissent.

TAYLOR, J., with whom KAUGER, J., and WINCHESTER, J., join dissenting.

"I would vacate the Court of Civil Appeals opinion and would affirm the trial court's judgment and verdict of the jury terminating parental rights. The trial court acted in the best interest of the child."